**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| BILLY COWAN<br><br>        Plaintiff(s)<br><br>v.<br><br>  NOVO NORDISK A/S, and<br>  NOVO NORDISK Inc.<br>        Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: _____ |

---

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

---

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 23 (ECF 503).

1

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1.     Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): __Billy Ray Cowan Jr._____.

2.     If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: _____,

as _____ of the estate of _____, deceased.

3.     If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): _____.

4.     If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: _____.

**Defendant(s)**

5.     Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

        ✗__ Novo Nordisk Inc.

        ✗__ Novo Nordisk A/S

        __ Eli Lilly and Company

        _____ Lilly USA, LLC

        _____ other(s) (identify): _____

## JURISDICTION AND VENUE

6.  City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Hurricane, West Virginia

7.  State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

West Virginia

8.  State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

West Virginia

9.  City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Hurricane, West Virginia

10. Jurisdiction is based on:

X__  diversity of citizenship pursuant to 28 U.S.C. § 1332

_____  other (plead in sufficient detail as required by applicable rules):

_____

_____

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

United States District Court for the Southern District of West Virginia

12. Venue is proper in the District Court identified in Paragraph 11 because:

X__  a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

_    _  other (plead in sufficient detail as required by applicable rules):

_____

_____

13.     If applicable, identify the citizenship of any additional Defendant(s) named above:

_____

## PRODUCT USE

14.    Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

    **X**     Ozempic (semaglutide)

    **X**     Wegovy (semaglutide)

\_\_\_\_\_ Rybelsus (oral semaglutide)

\_\_\_\_\_ Victoza (liraglutide)

\_\_\_\_\_ Saxenda (liraglutide)

\_\_\_\_\_ Trulicity (dulaglutide)

\_\_\_\_\_ Mounjaro (tirzepatide)

\_\_\_\_\_ Zepbound (tirzepatide)

\_\_\_\_\_ Other(s) (specify): _____

15.    To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

WeGovy: 07/2021- 08/2021

Ozempic: 08/2021 - 11/2024

**INJURIES AND DAMAGES**

16.    To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

___X___ Gastroparesis

___X___ Other gastro-intestinal injuries (specify) __Nausea; Vomiting_____

_____ Ileus

_____ Ischemic Bowel/Ischemic Colitis

_____ Intestinal Obstruction

_____ Necrotizing Pancreatitis

_____ Gallbladder Injury (specify) _____

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

_____ Additional/Other(s) (specify): _____

17.    Plaintiff's/Decedent's injuries occurred in approximately (month and year)?
       11/2024
       _____

       _____

       _____

6

18.    In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

X    Injury to self

_____ Injury to person represented

X    Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify): _____

## CAUSES OF ACTION

19.     In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

__X__   Count I:    Failure to Warn – Negligence

__X__   Count II:   Failure to Warn – Strict Liability

__X__   Count III:  Breach of Express Warranty/Failure to Conform to Representations

__X__   Count IV:   Breach of Implied Warranty

_____   Count V:    Fraudulent Concealment/Fraud by Omission

_____   Count VI:   Fraudulent/Intentional Misrepresentation

__X__   Count VII:  Negligent Misrepresentation/Marketing

__X__   Count VIII: Strict Product Liability Misrepresentation/Marketing

_____   Count IX:   Innocent Misrepresentation/Marketing

__X__   Count X:    Unfair Trade Practices/Consumer Protection (see below)

__X__   Count XI:   Negligence

__X__   Count XII:  Negligent Undertaking

_____   Count XIII: State Product Liability Act (see below)

_____   Count XIV: Wrongful Death

_____   Count XV:  Loss of Consortium

_____   Count XVI: Survival Action

_____   Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

8

_____

_____

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or

consumer protection statutes of any jurisdiction as identified in Count X above:*

      a.    Indicate the specific statute (including subsections) under which Plaintiff(s)

        is/are bringing such claims:

        W. Va. Code § 46A-6, et seq.
        _____

        W. Va. Code § 46A-6-104; W. Va. Code § 46A-6-106; W. Va. Code § 46A-6-108
        _____

        W. Va. Code § 46A-6-102(7)(E), (G), (I), (L), (M); § 46A-6-104.
        _____

      b.    Identify the factual allegations supporting those claims (by subsection, if

        applicable):

        See Attachment A.
        _____

        _____

        _____

*** Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.**

21.     If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act

("PLA") of any jurisdiction as identified in Count XIII above:*

    a.  Indicate the specific statute (including subsections) under which Plaintiff(s)

       is/are bringing such claims:

       _____

       _____

       _____

    b.  Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent

       failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

       _____

       _____

       _____

    c.  Identify the factual allegations supporting those claims:

       _____

       _____

       _____

***\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.***

22.     If pre-suit notice is required by statute, did Plaintiff(s) provide some form of

separate pre-suit notice to Defendant(s)? ___Yes___.  If so, attach such notice.

## **RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## **JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date:    05/19/2026

By:

/s/ Richard W. Schulte

Richard W. Schulte, Esq. (pro hac vice)

Ohio Bar No. 0066031

rschulte@yourlegalhelp.com

Wright & Schulte, LLC

865 S. Dixie Dr. Vandalia, Ohio, 45377

P: (937) 435-7500

*Counsel for Plaintiff*



February 17, 2026

Name: Billy Cowan
Address: 85 Sable Point Drive – Hurricane, West Virginia, 25526
Represented by: Wright & Schulte, LLC – 865 S. Dixie Dr., Vandalia, Ohio 45377

VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED

The Corporation Trust Company obo Novo-Nordisk Inc.
1209 Orange Street
Wilmington DE 19801

**RE: Statutory Notice and Demand for Settlement Under the West Virginia Consumer Credit and Protection Act**

Dear Novo-Nordisk Inc.,

My firm has been retained to represent Billy Cowan concerning the damages that Billy Cowan suffered because of Ozempic and WeGovy designed, manufactured, marketed, and distributed by Novo-Nordisk Inc. collectively "Defendants." This letter serves as a formal pre-suit notice of Billy Cowan's claims against Defendants, as required by the West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-5-108. This letter details specific complaints, outlines the damages our client has suffered because of your product, and presents a demand for settlement to resolve this matter without the need for litigation.

**Factual Background**

On or around 07/09/2021, Billy Cowarn was prescribed WeGovy by Nicholas A. Raubitschek, MD. Billy Cowan injected the medication per the instructions. Also, on or around 06/13/2022, Billy Cowan was prescribed Ozempic by Nicholas A. Raubitschek, MD. Billy Cowan took Ozempic as prescribed by his provider. Billy Cowan injected the medication per the instructions of the medication. On 11/17/2024, Billy Cowan was diagnosed with gastroparesis. In sum, because of using WeGovy and Ozempic, Billy Cowan was caused to suffer from gastroparesis and its sequelae and, as a result, sustained severe and permanent personal injuries, pain, suffering, and emotional distress.

**Violations of the Consumer Credit and Protection Act**

The unfair and deceptive practices of Defendants in this instance include recklessly and negligently testing, designing, manufacturing, marketing, selling and/or distributing their suite of GLP-1 products, including the WeGovy and Ozempic used by Billy Cowan. During their business dealings,

**865 S Dixie Drive ▪ Vandalia, OH 45377 ▪ O: (937) 435.7500 ▪ F: (937) 435.7511**
**WWW.YOURLEGALHELP.COM**

130 W. Second St. ▪ Suite 1600
Dayton, OH 45402
O: (937) 222.7477 ▪ F: (937) 222.7911
WWW.YOUROHIOLEGALHELP.COM

31100 Pinetree Road ▪ Suite 225
Pepper Pike, OH 44124
O: (216) 591.0133 ▪ F: (216) 591.0622
WWW.YOURLEGALHELP.COM



February 17, 2026

Defendants expressly and impliedly warranted that the WeGovy and Ozempic was reasonably safe and fit for the purposes that Billy Cowan had been prescribed. But Defendants knew or at the very least should have known that the design of WeGovy and Ozempic were dangerously flawed. Defendants failed to disclose to Billy Cowan and his treating physicians the risks of increased risk of severe gastrointestinal events (e.g., gastroparesis, gastroenteritis, intestinal blockage, ileus, bowel or esophageal injury, cyclical vomiting, and malnutrition), gallbladder problems necessitating surgery, and/or death, as well as the need to permanently stay on the drug or the weight will be regained

Defendants violated industry standards and sold and marketed a pharmaceutical that was not reasonably suited for its intended use and contained inadequate and improper warnings and instructions. So, Defendants violated the West Virginia Consumer Credit and Protection Act.

**Damages Sustained & Demand for Relief**

As a direct and proximate result of Defendants' violation of West Virginia Consumer Credit and Protection Act, Billy Cowan has suffered—and continues to suffer—serious bodily injuries, mental and physical pain and suffering, emotional distress and has incurred significant medical expenses, among other damages. Under West Virginia Consumer Credit and Protection Act, we demand that Defendants provide reasonable relief in response to this claim. Based on the facts and circumstances, we believe reasonable relief to be a settlement offer in the amount of $1,000,000.

**We look forward to your prompt response.** In the event this matter is not resolved while pending in MDL No 3094 In Re Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAS) Products Liability Litigation, which is coordinated for pretrial purposes, and the case is remanded to a Federal Court with original jurisdiction in the United States District Court for the Southern District of West Virginia, local counsel will enter an appearance to further litigate the issues and claims under the West Virginia Consumer Credit and Protection Act.

Sincerely,

Richard W. Schulte
Davis Schwartz
Wright & Schulte, LLC

**865 S Dixie Drive ▪ Vandalia, OH 45377 ▪ O: (937) 435.7500 ▪ F: (937) 435.7511**
**WWW.YOURLEGALHELP.COM**

130 W. Second St. ▪ Suite 1600
Dayton, OH 45402
O: (937) 222.7477 ▪ F: (937) 222.7911
WWW.YOUROHIOLEGALHELP.COM

31100 Pinetree Road ▪ Suite 225
Pepper Pike, OH 44124
O: (216) 591.0133 ▪ F: (216) 591.0622
WWW.YOURLEGALHELP.COM

**ATTACHMENT "A"**

**UNFAIR TRADE PRACTICES / CONSUMER PROTECTION SUPPLEMENT**

1.      Plaintiff incorporates by reference the factual allegations in the Master Complaint and its paragraphs 850-65 as though set forth fully at length herein.

2.      Plaintiff brings this claim against the Defendant(s) identified in paragraph 5 of the Short Form Complaint ("Defendant(s)").

3.      Plaintiff brings this claim under the statute, and relevant subsections, identified in Paragraph 20(a) of the Short Form Complaint (the "Statute").

4.      The West Virginia Consumer Credit and Protection Act ("West Virginia CCPA" or the "Statute") prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce[.]." W. Va. Code § 46A-6-104.

5.      Plaintiff and/or Defendant(s) are "persons" under the Statute.

6.      Plaintiff is a consumer who purchased one or more GLP-1 RA Products for personal, family, and/or household purposes.

7.      Defendant(s) are the suppliers, manufacturers, advertisers, and/or sellers of the GLP-1 RA Products, subject to liability under the Statute for fraudulent, unfair, deceptive, and unconscionable consumer sales practices.

8.      Defendant(s) designed, manufactured, assembled, inspected, tested (or not), packaged, labeled, marketed, advertised, promoted, supplied, distributed, sold and/or otherwise placed the GLP-1 RA Products into the stream of commerce, and therefore owed not only a duty of reasonable care to avoid causing harm to those that consumed it, such as Plaintiff, but also separate and independent statutory duties to be truthful, fair, accurate, and to not mislead or deceive consumers in connection with the sale of GLP-1 RA Products.

1

9.      Defendant(s) marketed and advertised the GLP-1 RA Products to consumers, physicians, and other healthcare entities in West Virginia. In addition, Defendant(s) sold the GLP-1 RA Products to residents of West Virginia; shipped GLP-1 RA Products to West Virginia; and otherwise engaged in trade or commerce, or conducted business, related to the GLP-1 RA Products in West Virginia. Defendant(s)' misconduct described herein significantly affected West Virginia consumers.

10.     As alleged in the Master Complaint, Defendant(s) engaged in unfair competition or unfair, deceptive, misleading, false, fraudulent, or unconscionable acts or practices in violation of the Statute by, among other things:

a.  Misleading consumers regarding the safety risks associated with use of their GLP-1 RA Products and overstating the weight-loss benefits and understating risks from using the GLP-1 RA Products;

b.  Excessively advertising, marketing and overpromoting their GLP-1 RA Products, including turbo-charging the pre-existing extensive direct-to-consumer marketing campaign with use of telehealth providers and promoting the drugs off-label; and

c.  Failing to disclose that they performed research and testing in a manner that would lead to under-reporting of the severe risks of using the GLP-1 RA Products.

11.     As described in the Master Complaint, including in the paragraphs cited in paragraph 856 of the Master Complaint as well as paragraphs 447 through 576 of the Master Complaint, at all relevant times, Defendant(s) knew or should have known, including from preclinical trials, premarket clinical trials, post-market surveillance, adverse event reports, and published scientific papers, that the GLP-1 RA Products posed serious health risks to users. Despite this knowledge, Defendant(s) continued to mislead consumers by omitting, understating, or downplaying risks associated with use of their GLP-1 RA Products.

2

12. As described in the Master Complaint, including in paragraphs 577 through 601 of the Master Complaint, at all relevant times, Defendant(s) knew or should have known that their GLP-1 RA Products are not as effective for weight loss as Defendant(s) claimed. Despite espousing significant weight-loss benefits, Defendant(s) knew that the average person loses only a small percentage of their body weight while on GLP-1 RA Products, a significant percentage of patients experience minimal to no weight loss, many people stop taking GLP-1 RA Products relatively quickly, and many people who discontinue use gain back as much as — or more than — the weight they lost while using the GLP-1 RA Products. Despite this knowledge, Defendant(s) continued to mislead consumers by overstating the products' weight-loss benefits.

13. The information referenced above that Defendant(s) misrepresented, concealed and did not disclose, was material. A reasonable person, including Plaintiff, would find that information, which was related to their health and well-being, such as the serious adverse health risks associated with the use of the GLP-1 RA Products and the limits of the products' efficacy, to be important when deciding whether to purchase and/or use the GLP-1 RA Products.

14. Defendant(s) intentionally concealed the foregoing material information from consumers, users, prescribers, physicians and other health care providers, including Plaintiff and Plaintiff's health care providers, because to do otherwise would have resulted in fewer prescriptions written for, and fewer purchases of, the GLP-1 RA Products.

15. Defendant(s) violated the Statute by failing to disclose the material health and safety information regarding the GLP-1 RA Products discussed above to consumers, users, physicians, health care providers and others, including Plaintiff and Plaintiff's health care providers, in any of Defendant(s)' marketing and promotional materials, advertising, packaging, labeling, websites, and/or any other public communication.

3

16.     Defendant(s) violated the Statute by making numerous representations about the weight-loss benefits of taking GLP-1 RA Products while concealing additional information related to the purported weight-loss benefits from consumers, users, physicians, health care providers and others, including Plaintiff and Plaintiff's health care providers, in any of Defendant(s)' marketing and promotional materials, advertising, packaging, labeling, websites, and/or any other public communication.

17.     Defendant(s) knew that the misrepresentations, omissions and concealment of material safety and efficacy information in the GLP-1 RA Products' packaging, labels, advertisements, promotional materials, websites, and other communications and disclosures rendered them false, deceptive, inadequate, and misleading.

18.     In violation of the Statute, though a pervasive pattern of false and misleading statements and omissions to health care providers and consumers, Defendant(s) engaged in unlawful intentional conduct by overstating benefits of GLP-1 RA Products and omitting or downplaying side effects and complications of the products. (a) representing that the GLP-1 RA Products have characteristics, uses, or benefits that they do not have; (b) representing that the GLP-1 RA Products are of a particular standard, quality, or grade, when they are not; (c) advertising the GLP-1 RA Products with intent not to sell them as advertised; (d) engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding; and (e) the act, use or employment of any deception, fraud, false pretense, false promise or misrepresentation, or the concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of the GLP-1 RA Products. W. Va. Code § 46A-6-102(7)(E), (G), (I), (L), (M); § 46A-6-104.

4

19.     In violation of the Statute, Defendant(s)' conduct described herein constitutes the knowing and willful act, use, or employment of deception, false promise, misrepresentation, and unfair practices, and the concealment, suppression, and omission of material facts in connection with the sale and advertisement of goods, merchandise and/or consumer merchandise (*i.e.*, the GLP-1 RA Products), in trade or commerce, and was done with the intention that consumers such as Plaintiff would rely upon such conduct in purchasing or using the GLP-1 RA Products.

20.     Defendant(s)' conduct was fraudulent and deceptive because the material misrepresentations and omissions had the capacity or tendency to deceive and, in fact, did deceive reasonable consumers, including Plaintiff.

21.     Plaintiff justifiably relied on Defendant(s)' misrepresentations and omissions and if Plaintiff had known the information that Defendant(s) withheld and concealed, Plaintiff would not have purchased or used the GLP-1 RA Products.

22.     As a result of such deceptive packaging, labels, advertisements, promotional materials, websites, and other communications and disclosures, Plaintiff purchased and/or used the GLP-1 RA Products in justifiable and reasonable reliance on Defendant(s) misrepresentations and omissions.  Defendant(s) expected or should have expected reasonable consumers to rely on these misrepresentation and omissions, in part, because the omitted information directly relates to consumers' health and well-being.

23.     Plaintiff at all times acted as a reasonable consumer in relying upon Defendant(s)' misrepresentations and material omissions concerning Defendants' GLP-1 Products in choosing to purchase and/or consume the GLP-1 RA Products prescribed by their health care provider.

24.     The actions and omissions of Defendant(s) are uncured or incurable.

25.    As alleged above, Defendant(s) had actual knowledge of the defective and dangerous condition of the GLP-1 RA Products and failed to take any action to cure those conditions.

26.    As a direct and proximate result of Defendant(s)' misconduct described herein, Plaintiff has suffered serious injuries, economic and non-economic losses, and other damages, all of which can be calculated with a reasonable degree of certainty using sufficiently definitive and objective evidence, including those set forth in paragraphs 16 to 18 in the Short Form Complaint.

27.    Accordingly, under the Statute, Plaintiff seeks to recover statutory, exemplary, treble, and/or punitive damages, costs of suit, and attorneys' fees, and equitable relief as appropriate, and all such other relief as the Court deems proper.